## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUSKET CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-11-444-M |
| | ) |
| STAR FUEL OF OKLAHOMA, LLC; | ) |
| LINCOLN O. CLIFTON; | ) |
| DAVID A. SELPH, and | ) |
| MARK LUITWIELER, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff's Motion to Reconsider, or, Alternatively, Motion to Certify Interlocutory Order for Immediate Appeal, filed October 11, 2011. On November 1, 2011, defendant Star Fuel of Oklahoma, LLC ("Star Fuel") filed its response. On November 18, 2011, plaintiff filed its reply, and on December 2, 2011, Star Fuel filed its surreply. Based upon the parties' submissions, the Court makes its determination.

I.   Motion to Reconsider

Pursuant to Federal Rule of Civil Procedure 59(e), plaintiff moves the Court to reconsider its September 12, 2011 Order granting the Motion for Partial Summary Judgment filed by Star Fuel. Plaintiff contends that the Court's order contains material errors of both law and fact. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the

controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed plaintiff's motion, the Court finds no grounds warranting reconsideration in the case at bar. Specifically, the Court finds no intervening change in the controlling law, no new evidence previously unavailable, and no need to correct clear error or prevent manifest injustice. While plaintiff does cite to the deposition testimony of defendants Mark Luitwieler and Lincoln O. Clifton in its reply as support for its motion to reconsider, plaintiff has not shown that this evidence was newly discovered/unknown and that it could not have been previously obtained with reasonable due diligence. *See Cotracom Commodity Trading Co. v. Seaboard Corp.*, 193 F.R.D. 696, 700 (D. Kan. 2000). Plaintiff has provided no reason why these depositions could not have been conducted prior to the Court's ruling on Star Fuel's Motion for Partial Summary Judgment nor if these depositions had the potential for providing important evidence in relation to Star Fuel's Motion for Partial Summary Judgment, why plaintiff did not seek an extension of time to respond to the motion for partial summary judgment in order for these depositions to be taken.

The Court further finds it did not misapprehend the facts, it did not misapprehend plaintiff's position, and it did not misapprehend the controlling law. While plaintiff alleges that this Court's order contains material errors of both law and fact, the Court, having carefully reviewed the parties' submissions, the briefing filed in relation to Star Fuel's Motion for Partial Summary Judgment, and this Court's September 12, 2011 Order, finds no material errors of either law or fact in its September 12, 2011 Order. Finally, the Court finds that in its motion, plaintiff simply revisits issues that were

addressed in the Court's September 12, 2011 Order and advances arguments that could have been raised in prior briefing.

Accordingly, the Court finds that plaintiff's motion to reconsider should be denied.

II.     Motion to Certify Interlocutory Order for Immediate Appeal

Alternatively, pursuant to Federal Rule of Civil Procedure 54(b), plaintiff requests the Court to make an express determination that there is no just reason for delaying the appellate review of the September 12, 2011 Order.

Rule 54(b) provides, in pertinent part:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). Regarding the requirements of Rule 54(b) certification, the Tenth Circuit has stated:

> The purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available. However, Rule 54(b) preserves the historic federal policy against piecemeal appeals, a policy that promotes judicial efficiency, expedites the ultimate termination of an action and relieves appellate courts of the need to repeatedly familiarize themselves with the facts of a case. Thus, [t]he rule attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants.
>
> Rule 54(b) entries are not to be made routinely. . . . Indeed, trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships. Thus, a certification under Rule 54(b) is only appropriate

> when a district court adheres strictly to the rule's requirement that a court make two express determinations. First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.

*Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241-42 (10th Cir. 2001) (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that certification would not be appropriate in this case. First, the Court finds that its September 12, 2011 Order is not a final order. "[A] judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved." *Id.* at 1243. More specifically,

> a judgment is not final unless the claims disposed of are separable from the remaining claims against the same parties. *Separability* is an exclusive term, and no reliable litmus test exists for determining when a claim is a distinct claim of relief. Courts, however, have concentrated on two factors: (1) the factual overlap (or lack thereof) between the claims disposed of and the remaining claims, and (2) whether the claims disposed of and the remaining claims seek separate relief.

*Id.* at 1242 (quoting *Moore's Federal Practice 3d* § 202.06[2]) (emphasis in original). In its September 12, 2011 Order, the Court granted summary judgment as to plaintiff's breach of contract and breach of settlement agreement claims. Plaintiff, however, is seeking the same damages it sought through its breach of contract and breach of settlement agreement claims through its constructive fraud, breach of implied contract, and conspiracy/fraud claims. Additionally, the Court finds that each of the above-referenced claims either arises from the same aggregate of operative facts or seeks to recover for the same underlying injury. The Court, thus, finds that its September 12, 2011 Order is not final for the purposes of Rule 54(b).

Second, the Court finds that there is just reason to delay review of the September 12, 2011 Order until this Court has conclusively ruled on all claims presented by the parties to this case. As set forth above, the other claims asserted arise from the same set of operative facts and seek the same relief; certification of this Court's order granting partial summary judgment would not preserve the historic federal policy against piecemeal appeals but would instead do just the opposite. Additionally, this Court finds that plaintiff has not shown that it would suffer hardship if its right to appeal were deferred pending resolution of the entire controversy on the merits. This case has been pending for three years, with trial scheduled for April 2012. The Court finds that there is no danger of hardship or injustice through delay which would be alleviated by immediate appeal but that, to the contrary, a single appeal, if any, would be a more efficient use of the parties' and the appellate court's resources.

Accordingly, the Court finds that plaintiff's motion to certify interlocutory order for immediate appeal should be denied.

III. Conclusion

For the reasons set forth above, the Court DENIES plaintiff's Motion to Reconsider, or, Alternatively, Motion to Certify Interlocutory Order for Immediate Appeal [docket no. 58].

**IT IS SO ORDERED this 8th day of December, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE