IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUSKET CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-444-M |
| ) | |
| STAR FUEL OF OKLAHOMA, LLC; ) | |
| LINCOLN O. CLIFTON; ) | |
| DAVID A. SELPH, and ) | |
| MARK LUITWIELER, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is plaintiff's Motion for Leave to File Amended Complaint, filed October 19, 2011. On November 9, 2011, defendant Star Fuel of Oklahoma, LLC ("Star Fuel") filed its response, and on November 18, 2011, plaintiff filed its reply. Based upon the parties' submissions, the Court makes its determination.

On November 18, 2008, plaintiff filed the instant action in the District Court of Oklahoma County, State of Oklahoma, asserting, in part, a breach of contract claim against Star Fuel, alleging that Star Fuel breached a gasoline agreement dated August 4, 2008. On January 12, 2009, plaintiff filed its First Amended Petition in state court. In its First Amended Petition, plaintiff sets forth more factual allegations regarding the gasoline agreement and sets forth more specific allegations in relation to its breach of contract claim involving the gasoline agreement. On April 1, 2009, plaintiff filed its Second Amended Petition in state court, and two years later, on April 1, 2011, plaintiff filed its Third Amended Petition in state court. In its Third Amended Petition, plaintiff alleges that Star Fuel orally requested defendant Luitwieler to buy gasoline on July 3, 2008 and July 17, 2008, and thereafter, defendant Luitwieler prepared the gasoline agreement.

Based upon new claims asserted in plaintiff's Third Amended Petition, on April 22, 2011, defendants removed this case to this Court. On July 8, 2011, Star Fuel filed a Motion for Partial Summary Judgment, seeking summary judgment as to plaintiff's breach of contract and breach of settlement agreement claims. On September 12, 2011, the Court granted Star Fuel's Motion for Partial Summary Judgment and found that Star Fuel was entitled to summary judgment on plaintiff's breach of contract and breach of settlement agreement claims.

In what appears to be in response to the Court's grant of summary judgment on plaintiff's breach of contract claim, plaintiff now moves this Court, pursuant to Federal Rule of Civil Procedure 15(a)(2), for leave to file its Fourth Amended Complaint to assert an alternative breach of contract claim against Star Fuel, arising from Star Fuel's alleged promise on September 12, 2008, to purchase 840,000 gallons of unleaded gasoline at a price of $3.35/gallon. Star Fuel objects to plaintiff's motion and contends that leave to amend should be denied because there has been undue delay in seeking amendment, amendment would be futile, and amendment would result in unfair prejudice to Star Fuel.

Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

2

Additionally, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). Further, the Tenth Circuit does "not favor permitting a party to attempt to salvage a lost case by untimely suggestion of new theories of recovery, especially after the trial judge has already expressed adverse rulings." *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998). *See also Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001). The Tenth Circuit has stated:

> A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.  Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but equal attention should be given to the proposition that there must be an end finally to a particular litigation. . . . Much of the value of summary judgment procedure in the cases for which it is appropriate . . . would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back along thereafter and fight on the basis of some other theory.
>
> This wariness is heightened when the losing party seeks the amendment many months after his initial filing, the amendment is not based on new evidence, and the amendment is merely the presentation of an alternative legal theory that was readily available prior to the entry of summary judgment.

*Combs v. PricewaterhouseCoopers LLP*, 382 F.3d 1196, 1205-06 (10th Cir. 2004) (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that plaintiff should not be granted leave to file its Fourth Amended Complaint. Plaintiff's motion is filed nearly three years after it filed its original petition and approximately six months after it filed its Third Amended Petition. The Court finds that plaintiff's proposed amendment is not based on new evidence

unavailable at the time it filed its original petition, and certainly not unavailable at the time it filed its Third Amended Petition.  The email the amendment is based upon is over three years old, was produced in discovery, and was attached as an exhibit to plaintiff's response to Star Fuel's Motion for Partial Summary Judgment.  Further, the Court finds that plaintiff's proposed amendment is nothing more than a theory that plaintiff did not choose to advance until after this Court granted summary judgment on its primary breach of contract claim.  Finally, the Court would note that neither in its motion nor in its reply did plaintiff explain its failure to amend its petition earlier, especially as it was not based on new evidence.

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Motion for Leave to File Amended Complaint [docket no. 59].

**IT IS SO ORDERED this 14th day of December, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE