IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUSKET CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-444-M |
| ) | |
| STAR FUEL OF OKLAHOMA, LLC, ) | |
| LINCOLN O. CLIFTON, ) | |
| DAVID A. SELPH, and ) | |
| MARK LUITWIELER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is plaintiff's Motion to Compel, filed March 8, 2012. On April 5, 2012, defendant Star Fuel of Oklahoma, LLC ("Star Fuel") filed its response, and on April 20, 2012, plaintiff filed its reply. Also before the Court is Star Fuel's Motion for Protective Order, filed April 5, 2012. On April 26, 2012, plaintiff filed its response, and on May 3, 2012, Star Fuel filed its reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiff contends that Star Fuel has refused to produce documents relating to the revenues and profits it earned as a result of the conduct giving rise to plaintiff's claims. Plaintiff further contends that these documents are critical to the preparation of plaintiff's case and to the calculation of plaintiff's damages. Plaintiff also contends that the few documents that Star Fuel has agreed to produce are incomplete, inaccurate, and are not sufficient to fully respond to plaintiff's discovery requests. Accordingly, plaintiff moves this Court for an order compelling Star Fuel to produce all documents responsive to plaintiff's requests that will enable plaintiff to accurately identify Star Fuel's revenues and profits. In response, Star Fuel moves this Court for a protective order limiting

or prohibiting plaintiff's allegedly overly broad, vague, ambiguous, and unduly burdensome discovery requests as set forth in plaintiff's Motion to Compel.

In its motion, plaintiff moves the Court to compel Star Fuel to produce the following specific information and documentation:

    a. An accurate Margin Report identifying Star Fuel's profit margins on all sales of gasoline and diesel fuel purchased from Musket from March 2008 through September 2008, along with any and all documentation necessary to verify the accuracy of such report including: (i) pricing quotes, (ii) bills and invoices from Star Fuel supplier of ethanol, (iii) customer pricing quotes generated within Star Fuel, (iv) daily dispatch sheet and daily dispatch logs, and (v) delivery driver packets;

    b. An accurate Margin Report identifying Star Fuel's profit margins on all fuel transactions attributable to Luitwieler from September 2008 through May 2011, including all purchases and sales of ethanol, along with any documentation necessary to verify the accuracy of such report including: (i) pricing quotes, (ii) bills and invoices from Star Fuel supplier of ethanol, (iii) customer pricing quotes generated within Star Fuel, (iv) daily dispatch sheet and daily dispatch logs, and (v) delivery driver packets;

    c. Supporting documents evidencing the basis for Star Fuel's allocation of revenues and expenses to the Supply & Logistics Department as reflected in the S&L Dept. Income Statements and Commission Reports, along with supporting documentation such as (i) invoices, (ii) checks, (iii) general ledger, and (iv) monthly income statements for the Supply and Logistics Department;

    d. Monthly and annual Income Statements for the period of September 2008 through May 2011, that are not limited to the Supply & Logistics Department;

    e. Monthly and annual Profits and Loss Statements for the period September 2008 through May 2011; and

    f. Documents relating to Luitwieler's unauthorized trading activity as a Star Fuel employee.

Plaintiff's Motion to Compel at 5-6.[1]

A.     Margin Reports[2]

A nine page Margin Report was previously produced by Star Fuel to plaintiff. This Margin Report was generated as a report of the performance of Star Fuel's "last Musket deal" and covers only those transactions that occurred in the one week period between August 26, 2008 and September 3, 2008. Plaintiff now moves the Court to compel Star Fuel to produce Margin Reports from March 1, 2008 to the present. Specifically, plaintiff moves the Court to compel Star Fuel to prepare these Margin Reports and then produce them to plaintiff. In its response, Star Fuel states that the requested Margin Reports do not exist. Specifically, Star Fuel states that it created one Margin Report for one transaction, found it to be inaccurate, and did not create any further such reports.

Federal Rule of Civil Procedure 34 provides that discovery may be had of documents and things that are in the "possession, custody, or control" of a party. "A document or thing is not in the possession, custody, or control of a party if it does not exist. Production cannot be required of a document no longer in existence nor of one yet to be prepared." 8B Charles Alan Wright, et al., *Federal Practice and Procedure* § 2210 (3d ed. 2010). "Accordingly, a party cannot be required to prepare, or cause to be prepared, documents not already in existence solely to satisfy the requests of an opposing party." *Ascom Hasler Mailing Sys. v. United States Postal Serv.*, 267 F.R.D. 1, 8 (D.D.C. 2010).

---

[1] Plaintiff never sets forth which of its discovery requests specifically request the information and documentation that it is seeking through its motion to compel.

[2] This section encompasses items a and b set forth above.

Having reviewed the parties' submissions, the Court finds that the Margin Reports that plaintiff seeks do not exist and that Star Fuel cannot be compelled to prepare such reports. Accordingly, the Court finds that plaintiff's motion to compel in relation to the production of Margin Reports for the period beginning March 1, 2008 through the present should be denied. Additionally, in light of this finding, the Court finds that plaintiff's motion to compel in relation to the production of supporting documents regarding the Margin Reports is now moot.[3]

B.  Supporting Documents for Star Fuel's Supply & Logistics Department Income Statements and Luitwieler Compensation Reports[4]

Plaintiff never identifies a specific discovery request seeking supporting documents for Star Fuel's Supply & Logistics Department Income Statements and Luitwieler Compensation Report. In its response, Star Fuel directs this Court's attention to the following email request for production:

> Email RFP No. 1: [D]ocuments to substantiate the numbers in the income statements that were produced (e.g., basis for calculating payroll, legal fees, "professional fees" and "overhead allocation."

Defendant Star Fuel of Oklahoma, LLC's Response to Plaintiff's Motion to Compel and Brief in Support at 19; February 2, 2012 Letter from Gary S. Chilton, attached as Exhibit 8 to Star Fuel's response. Upon review of the parties' submissions, the Court finds that this email request for production is the only discovery request before the Court that relates to the supporting documents requested by plaintiff.

---

[3] The Court would note that Star Fuel has produced to plaintiff all of Star Fuel's invoices related to its purchase and sale of plaintiff's gasoline and that these invoices provide all the information necessary for plaintiff to calculate the margin of profit.

[4] This section encompasses item c set forth above.

Star Fuel contends that the email request for production is facially overly broad, vague, and ambiguous and would create an undue burden and expense on Star Fuel. Having reviewed the parties' submissions, the Court concurs with Star Fuel. Specifically, the Court finds that the email request for production is overly broad, vague, and ambiguous; the request for production does not describe with the requisite particularity the items sought to be produced. The Court also finds that plaintiff's request for production would create an undue burden and expense on Star Fuel. In his affidavit, Daniel Paul Engle, the controller of Star Fuel Centers, Inc., which provides management services to Star Fuel, states that the requested supporting documentation is kept in boxes in dead storage in a warehouse and that with respect to the Cost of Goods sold part of the Income Statements alone, it would take approximately 938 business days to conduct the records search. *See* Affidavit of Daniel Paul Engle, attached as Exhibit 7 to Star Fuel's response, at ¶¶ 5-6.

Accordingly, the Court finds that plaintiff's motion to compel in relation to the production of supporting documents for Star Fuel's Supply & Logistics Department Income Statements and Luitwieler Compensation Reports should be denied.

C.   Monthly and Annual Income Statements and Profit and Loss Statements for Star Fuel as a Whole[5]

In its motion, plaintiff asserts that it is entitled to discover information regarding the total revenues and profits recorded by Star Fuel from September 2008 to present, not just those revenues and profits that were internally allocated to the Supply & Logistics Department, and all monthly and annual income statements and profit and loss statements for Star Fuel should be produced. Plaintiff, however, never identifies a specific discovery request seeking these documents, and upon review

---

[5]This section encompasses items d and e set forth above.

of the documents attached to plaintiff's motion, the Court has found no such request. Before a party may move to compel the production of documents, the party must first seek those documents through a Rule 34 request for production. *See* Federal Rule of Civil Procedure 37(a)(3)(B)(iv). Accordingly, the Court finds that plaintiff's motion to compel in relation to the production of monthly and annual income statements and profit and loss statements for Star Fuel as a whole should be denied.[6]

D.  Documents Relating to Luitwieler's Unauthorized Trading Activity While Employed at Star Fuel[7]

Plaintiff never identifies a specific discovery request seeking documents relating to Luitwieler's unauthorized trading activity while employed at Star Fuel. In its response, Star Fuel directs this Court's attention to the following email request for production:

> Email RFP No. 6: All documents surrounding Luitwieler's improper trades/purchases while at Star Fuel.

Defendant Star Fuel of Oklahoma, LLC's Response to Plaintiff's Motion to Compel and Brief in Support at 23; February 20, 2012 Letter from Gary S. Chilton, attached as Exhibit 10 to Star Fuel's response. Upon review of the parties' submissions, the Court finds that this email request for production is the only discovery request before the Court that relates to the documents plaintiff is requesting regarding Luitwieler's unauthorized trading activity.

Star Fuel contends that the email request for production is overly broad, vague, and ambiguous. Having reviewed the parties' submissions, the Court concurs with Star Fuel.

---

[6] The Court would note that this issue is likely moot since Star Fuel has indicated that it is producing its monthly profit and loss information for January 2003 through March 2012 as part of its expert witness disclosures.

[7] This section encompasses item f set forth above.

Specifically, the Court finds that the email request for production is clearly overly broad, vague, and ambiguous; the request for production does not describe with the requisite particularity the items sought to be produced. Accordingly, the Court finds that plaintiff's motion to compel in relation to the production of documents relating to Luitwieler's unauthorized trading activity while employed at Star Fuel should be denied.

## CONCLUSION

For the reasons set forth above, the Court DENIES plaintiff's Motion to Compel [docket no. 104]. Additionally, in light of the Court's denial of plaintiff's Motion to Compel, the Court FINDS that Star Fuel's Motion for Protective Order [docket no. 135] is now MOOT.

**IT IS SO ORDERED this 20th day of June, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE