## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUSKET CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-11-444-M |
| | ) |
| STAR FUEL OF OKLAHOMA, LLC, | ) |
| LINCOLN O. CLIFTON, | ) |
| DAVID A. SELPH, and | ) |
| MARK LUITWIELER, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court is plaintiff Musket Corporation's ("Musket") Motion to Compel, filed September 4, 2012. On September 11, 2012, defendant Star Fuel of Oklahoma, LLC ("Star Fuel") filed its objection to Musket's motion to compel. Based upon the parties' submissions, the Court makes its determination.

In its motion, Musket requests the Court to compel Star Fuel and/or the parties' agreed upon independent forensics expert (the "IFE") to produce documents responsive to Musket's discovery requests. Musket further requests the Court to authorize the IFE to produce the relevant documents and information available from defendant Mark Luitwieler's Star Fuel laptop and Mrs. Luitwieler's personal laptop directly to the parties for review. Additionally, Musket requests the Court to authorize the IFE to produce the following information, documents, and electronically stored information ("ESI"):

    a.    A copy of the IFE Disk prepared by the IFE pursuant to the parties' joint request, and returned to the IFE by Star Fuel's counsel; and

    b.    To the extent not included in the IFE Disk, a copy of all existing system and file metadata from (1) Luitwieler's Star

> Fuel laptop, and (2) Mr. and Mrs. Luitwieler's personal laptop, including but not limited to:
>
> i. index of ll files including file Name, File Item Number, File Path, File Type, File Size, MD5 Hash, SHA1 Hash and SHA256 Hash, Created/Accessed/Modified and Last Written dates/times, If Deleted, and File Status;
>
> ii. Any additional existing metadata generated from or contained in log files, activity logs, access logs, comparison data, network information, computer information, installation records, and policy information;
>
> iii. Computer Registry files, backups, shadow copies and copies in system volume information, including but not limited to LNK files, Prefetch files, log files and Most Recently Use (MRU) lists.

Musket's Motion to Compel at 12-13.  Finally, Musket requests the Court to compel Star Fuel to compensate the IFE for his outstanding invoices.

In its response, Star Fuel contends that the documents requested in the subject requests for production either do not exist or have already been produced.  Star Fuel further contends that the other documents Musket demands in its motion to compel have not been requested in any previous request for production and that Musket cannot substitute its motion to compel for a properly served Rule 34 discovery request.  Finally, Star Fuel contends that it should not be compelled to pay any fees billed by the IFE relating to legal representation obtained with respect to his failure to obtain an Oklahoma license to conduct forensic preservations and examinations.

Musket cites to the following discovery requests in support of its motion: (1) Request for Production No. 8 in Musket's Second Discovery Requests to Defendant Mark Luitwieler; (2) Request for Production Nos. 7, 8, 9, and 10 in Musket's Fourth Set of Discovery Requests to Star

Fuel; and (3) subpoenas issued to the IFE. Having carefully reviewed the parties' submissions, the Court finds the discovery requests relied upon by Musket do not provide a basis for the relief sought. First, Request for Production No. 8 in Musket's discovery requests to defendant Luitwieler[1] was served on defendant Luitwieler and not Star Fuel and, thus, would provide no basis upon which to compel Star Fuel to provide any documents or information. Additionally, Musket obtained the information and documents requested in this request for production from Pro Softnet Corporation, the owner of IDrive, over two years ago.

Second, with respect to Request for Production No. 7 in Musket's discovery requests to Star Fuel[2], the Court finds that Musket has already received the documents and information requested in this request for production. Specifically, the IFE's final report identified all matches on defendant Luitwieler's Star Fuel laptop and two other files from one of the other computers, and the log provided with the Hash Library Search Report identified those files as well. On August 5, 2011, Musket was provided with a copy of every such file.

Third, with respect to Request for Production Nos. 8, 9, and 10 in Musket's discovery requests to Star Fuel[3], the Court finds that Star Fuel does not have the indexes requested and cannot

---

[1]Request for Production No. 8 provides: "Please produce all documents that show the login, upload, restore, access, viewing, download and/or logout activity on the IDrive Account from September 3, 2008 to the present, including but not limited to all Session Logs, Backup/Restore Logs, and Activity Log Reports for the account."

[2]Request for Production No. 7 provides: "Produce the native format versions of all files, including emails and email attachments and their related families (i.e., if the MD5 hash has hits on an attachment produce the parent email), located on Luitwieler's Star Fuel laptop or any other computer or server owned by Star Fuel that match a MD5 hash values from the 'Musket Documents List.'"

[3]Request for Production No. 8 provides: "Produce an index of all email and contacts located on Luitwieler's Star Fuel laptop, the IDrive Account, or any other computer or server owned by Star Fuel with a filename or MD5 hash value matching one or more of the files identified on the 'Musket

be compelled to prepare such indexes. Federal Rule of Civil Procedure 34 provides that discovery may be had of documents and things that are in the "possession, custody, or control" of a party. "A document or thing is not in the possession, custody, or control of a party if it does not exist. Production cannot be required of a document no longer in existence nor of one yet to be prepared." 8B Charles Alan Wright, et al., *Federal Practice and Procedure* § 2210 (3d ed. 2010). "Accordingly, a party cannot be required to prepare, or cause to be prepared, documents not already in existence solely to satisfy the requests of an opposing party." *Ascom Hasler Mailing Sys. v. United States Postal Serv.*, 267 F.R.D. 1, 8 (D.D.C. 2010). Further, the IFE has provided the parties with a spreadsheet containing the very information that Musket seeks in its Request for Production Nos. 8 and 9.

Fourth, in relation to any subpoenas issued to the IFE, the Court finds that Musket withdrew its December 2011 subpoena to the IFE, and, thus, it cannot serve as a basis for Musket's motion to compel. With respect to Musket's August 2012 subpoena to the IFE, on September 11, 2012, the Court denied defendants Star Fuel and Luitwieler's motion to quash and ordered the IFE to produce

---

Documents List' containing all available metadata, and including at least the Filename, Path, Creation Date, Modified Date, Access Date, MD5 hash, From, To, CC, BCC, Date Sent, Time Sent, and exchange Conversion Index."

    Request for Production No. 9 provides: "Produce an index of all email and contacts located on Luitwieler's Star Fuel laptop, the IDrive Account, or any other computer or server owned by Star Fuel with a sent or submit date prior to 9/12/2008 containing all available metadata, and including at least the From, Subject, Date Sent, Time Sent, and exchange Conversation Index, Creation Date, Modified Date, Access Date."

    Request for Production No. 10 provides: "Produce an index of all files including emails and email attachments located on Luitwieler's Star Fuel laptop, the IDrive Account, or any other computer server owned by Star Fuel with a creation, modified or access prior to 9/12/2008 containing all available metadata, and including at least the Filename, Path, Creation Date, Modified Date, Access Date, MD5 hash, From, To, CC, BCC, Date Sent, Time Sent, and exchange Conversation Index."

4

for forensic inspection and examination a mirror image of Mrs. Luitwieler's laptop. *See* September 11, 2012 Order [docket no. 193]. The Court, thus, finds any request by Musket to compel compliance with its August 2012 subpoena to the IFE is moot.

Other than the above-referenced discovery requests, Musket does not identify any specific discovery requests seeking a copy of the IFE Disk prepared by the IFE and/or a copy of all existing system and file metadata from defendant Luitwieler's Star Fuel laptop and Mrs. Luitwieler's laptop. Before a party may move to compel the production of documents, the party must first seek those documents through a Federal Rule of Civil Procedure 34 request for production. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). Accordingly, the Court finds that plaintiff's motion to compel in relation to the production of the IFE Disk and a copy of all existing system and file metadata from defendant Luitwieler's Star Fuel laptop and Mrs. Luitwieler's laptop should be denied. Further, to the extent that Musket asserts that the parties had an agreement allowing the production of the IFE Disk, the Court finds, having reviewed the parties' submissions, that no such agreement existed. In his email, Star Fuel's counsel specifically stated as follows:

> I do not believe Star Fuel would have any objection regarding the support log files referenced in Calvin's May 4, 2012 email. Before I could state that conclusively, I would need to see what Calvin is referencing and have an opportunity to review the information first and make that determination before it is provided to all parties. . . . Star Fuel would likely have an objection regarding any information collected outside the scope of the Agreed Protective Order. I just would not be able to make that determination in advance of seeing the file and contents of the DVD Calvin is referencing.

July 11, 2012 email from Gideon Lincecum to Matt W. Brockman.

Finally, Musket seeks to compel Star Fuel to compensate the IFE for his outstanding invoices. Having carefully reviewed the parties' submissions, the Court finds that Musket has not

set forth a sufficient basis upon which to compel Star Fuel to compensate the IFE for his outstanding invoices.

Accordingly, for the reasons set forth above, the Court DENIES Musket's Motion to Compel [docket no. 185].

**IT IS SO ORDERED this 20th day of September, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE