# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUSKET CORPORATION,                     ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| vs.                                     ) | Case No. CIV-11-444-M |
| ) | |
| STAR FUEL OF OKLAHOMA, LLC,             ) | |
| LINCOLN O. CLIFTON,                     ) | |
| DAVID A. SELPH, and                     ) | |
| MARK LUITWIELER,                        ) | |
| ) | |
| Defendants.          ) | |

## ORDER

Before the Court is defendants Star Fuel of Oklahoma, LLC, Lincoln O. Clifton, and David A. Selph's ("Defendants") Motion to Strike Plaintiff's Supplemental Expert Report, filed October 2, 2012. On October 4, 2012, plaintiff Musket Corporation ("Musket") filed its response. Based upon the parties' submissions, the Court makes its determination.

Defendants move to strike the supplemental expert report of Musket's damages expert, David Payne ("Payne"), to the extent it is untimely and improper. Defendants assert that with less than three weeks before trial, after the discovery cut off, and after Payne's deposition was taken, Musket served a supplemental report from Payne totaling 76 pages and including 12 additional "work schedules," for the purpose of correcting an admitted deficiency in Payne's initial report. Defendants further assert that the information upon which Payne subsequently reviewed and relied to create his belated supplemental work papers had been provided by defendant Star Fuel of Oklahoma, LLC ("Star Fuel") before Payne gave his deposition and well before the discovery deadline and that Musket waited until after Payne's deposition was taken and after the discovery deadline had passed to provide Star Fuel with a copy of Payne's supplemental work papers.

Additionally, Defendants contend that while the supplemental report purports to be in response to information from Defendants' expert Todd Lisle ("Lisle"), closer inspection reveals that Payne improperly attempts to repair the flawed and/or incomplete analyses in his initial expert report on the eve of trial, under the auspice of supplemental work.  Finally, Defendants assert that Payne's belated disclosure is unjustified and has prejudiced Defendants.

In its response, Musket asserts that it was not until Lisle's deposition on August 21, 2012 that Payne had any confirmation that the data from Star Fuel Centers had been included in the graphs showing the pre-Luitwieler period.  Musket further asserts that the purpose of Payne's supplemental work papers, submitted on September 12, 2012, was to evaluate and test the unjust enrichment calculations based upon the recently received testimony of Lisle.  Musket contends that the three tests performed by Payne were not intended to replace his original damages opinion but were simply tests using new information about the data sets employed by Lisle that Payne still considers to be unreliable.  The tests were intended to, and do, corroborate the reasonableness of Payne's original opinions.   Musket, therefore, contends that Payne's supplemental work papers are not a supplemental report intended to cure any deficiencies in his initial report.  Finally, Musket asserts that Defendants are not prejudiced by Payne's supplemental work papers.

Under Federal Rule of Civil Procedure 26(e), a party must supplement or correct its expert disclosures in a timely manner where necessary and appropriate.  *See* Fed. R. Civ. P. 26(e).  Further, Rule 26(e) does not "cover failures of omission because the expert did an inadequate or incomplete preparation." *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (internal citation omitted). Having carefully reviewed the parties' submissions, and particularly Payne's initial report and his supplemental work papers, the Court finds that Payne's supplemental work papers are proper

and timely supplementation. Specifically, the Court finds that the supplemental work papers do not appear to be an attempt to correct any alleged deficiencies in the initial report but appear to simply be timely supplementation based upon Lisle's deposition testimony. Accordingly, the Court finds that Payne's supplemental work papers should not be stricken.

The Court, therefore, DENIES Defendants' Motion to Strike Plaintiff's Supplemental Expert Report [docket no. 266].

**IT IS SO ORDERED this 5th day of October, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE